**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RANDALL E. HEDRICK,

       Petitioner-Appellant,

v.

STEVE HARGETT,

       Respondent-Appellee.

No. 00-6039
(D.C. No. 97-CV-1580-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK, ANDERSON,** and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner was convicted in Oklahoma state court of causing injury to

a minor child and feloniously pointing a firearm, and he was sentenced to

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

consecutive terms of life and ten-years' imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) held that several trial court errors affected the severity of petitioner's sentences, and, consequently, it reduced the sentences to twenty-five and five years. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting the same claims considered by the state court: he received ineffective assistance of counsel, the trial court improperly limited his cross-examination of witnesses, and the trial court improperly admitted evidence of other crimes and bad acts and hearsay evidence. In addition, he claimed that the OCCA provided the wrong remedy for the trial errors by reducing his sentence instead of granting him a new trial. The district court denied the petition, as well as his application for a certificate of appealability (COA).

Petitioner is now before this court seeking a COA, which he must have in order to appeal the denial of his habeas petition. *See* 28 U.S.C. § 2253(c)(1). He is entitled to a COA only if he makes "a substantial showing of the denial of a constitutional right." *Id.*, § 2253(c)(2). To meet this standard where, as here, the district court rejected the constitutional claims on the merits, "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

The district court assessed petitioner's constitutional claims to determine whether the state court's decision on the merits was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The district court concluded, first, that none of the trial errors recognized by the OCCA "'had substantial and injurious effect or influence in determining the jury's verdict,'" and that it had no "'grave doubt'" about that conclusion. Appellant's App. Vol. I at 163, 168 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 435-36, 436 (1995)). As a result, the district court determined that any trial error recognized by the OCCA was harmless. In addition, it held that petitioner was not entitled to habeas relief on his claim of ineffective assistance of counsel because he had not shown that his defense was prejudiced by any deficiency in his trial attorney's performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

We have reviewed the record on appeal, and for substantially the same reasons stated in the district court's December 23, 1999 order, we agree that petitioner is not entitled to habeas relief under § 2254(d). We conclude that reasonable jurists would not find the district court's assessment of the

constitutional claims debatable or wrong.  Consequently, we DENY petitioner's

application for a COA.


Entered for the Court


Robert H. Henry
Circuit Judge